T.C. Summary Opinion 2005-101

UNITED STATES TAX COURT

DANIEL J. ONORATI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16224-04S.           Filed July 21, 2005.

Daniel J. Onorati, pro se.

<u>Alexandra E. Nicholaides</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioner's Federal income tax of $5,453 for 2002.

The issues for decision are: (1) Whether petitioner is entitled to dependency exemption deductions; (2) whether petitioner is entitled to head of household filing status; and (3) whether petitioner is entitled to child tax credits.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Warren, Michigan.

During 2002, petitioner lived with his mother, Genevieve Onorati; his sister, Samantha Wray; and his aunt, Catherine Onorati (Ms. Onorati).

On his 2002 Form 1040, U.S. Individual Income Tax Return, petitioner claimed four dependents: His daughter, ZJ;[1] his son, JO; his nephew, AR; and his aunt, Ms. Onorati.

Camille Jefferson (Ms. Jefferson) is ZJ's mother. During 2002, Ms. Jefferson had physical custody of ZJ the entire year. ZJ spent weekends with petitioner. Petitioner did not attach a

---

[1]The Court uses only the minor children's initials.

Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, to his return regarding ZJ.[2]

Lashandra Marsh (Ms. Marsh) is JO's mother.  Both petitioner and Ms. Marsh claimed JO as a dependent for the 2002 tax year. Petitioner paid child support for JO during 2002 but did not have custody of the child.  Petitioner did not attach a Form 8332 to his return regarding JO.

AR, petitioner's nephew, spent weekends with petitioner but did not live with him.  AR's mother had custody of him. Petitioner took AR and JO to "Fun Factory, Chuck E. Cheese, movies, things of that nature."  At trial, petitioner did not know AR's birth date.

Ms. Onorati lived with petitioner at his mother's house during 2002.  She is disabled and received Federal disability payments of $7,344 during 2002.  Petitioner does not have any receipts to demonstrate any amounts he may have spent to care for her.

Respondent issued a notice of deficiency determining that petitioner is not entitled to claim head of household filing status, dependency exemption deductions, or child tax credits for 2002 because he failed to substantiate his claims.

---

[2]In the trial transcript, respondent refers to a "Form 8223."  From the context of the transcript, the Court understands that respondent was referring to a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents.

## Discussion

Deductions are a matter of legislative grace, and taxpayers must maintain adequate records to substantiate the amount of any deductions or credits claimed. Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. Taxpayers generally bear the burden of proving that the Commissioner's determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 7491 does not apply here because petitioner has failed to substantiate his deductions and provide evidence other than his own testimony. See sec. 7491(a)(2).

### 1. Dependency Exemption Deductions

Section 151(c) allows a taxpayer to deduct an exemption amount for each "dependent" as defined in section 152. As relevant here, section 152(a) defines a dependent to include a son or daughter of the taxpayer, a son or daughter of a sibling of the taxpayer, or an individual other than a spouse, whose principal place of abode is the home of the taxpayer and who is a member of the taxpayer's household "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer)".

To qualify for a dependency exemption deduction, a taxpayer must establish the total support cost expended on behalf of a

claimed dependent from all sources for the year and demonstrate that he or she provided more than half of this amount. See Archer v. Commissioner, 73 T.C. 963, 967 (1980); Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); sec. 1.152-1(a)(2)(i), Income Tax Regs.

The term "support" includes food, shelter, clothing, medical and dental care, education, and the like. Sec. 1.152-1(a)(2)(i), Income Tax Regs. The total amount of support for each claimed dependent furnished by all sources during the year in issue must be established by competent evidence. Blanco v. Commissioner, supra at 514; sec. 1.152-1(a)(1), Income Tax Regs. The amount of support that the claimed dependent received from the taxpayer is compared to the total amount of support the claimed dependent received from all sources. Sec. 1.152-1(a)(2)(i), Income Tax Regs.

Petitioner did not provide any evidence of total support for the children and his aunt. He provided no evidence other than his testimony regarding any amounts he may have expended to care for ZJ, JO, AR, or Ms. Onorati. The Court sustains respondent's determination that petitioner is not entitled to dependency exemption deductions for ZJ, JO, AR, or Ms. Onorati in 2002.

2. Head of Household Filing Status

Section 1(b) imposes a special tax rate on individuals filing as head of household. As relevant herein, section 2(b)

defines a "head of household" as an unmarried individual who maintains as his or her home a household that for more than one-half of the taxable year constitutes the principal place of abode of an unmarried child, sec. 2(b)(1)(A)(i), or any other individual for whom the taxpayer is entitled to a deduction under section 151, sec. 2(b)(1)(A)(ii).

Respondent determined that petitioner is not entitled to section 151 dependency exemption deductions for ZJ, JO, AR or Ms. Onorati in 2002. The record demonstrates that the principal place of abode for each of the children was the home of each of their respective mothers, not petitioner's home. Therefore, petitioner is not entitled to head of household status as to any of the children. Additionally, petitioner was not entitled to a section 151 deduction for Ms. Onorati, and it has not been established that he maintained the household, since he lived with his mother. The Court sustains respondent's determination that petitioner is not entitled to claim head of household filing status for 2002.

3. <u>Child Tax Credits</u>

A taxpayer may be entitled to a credit against tax with respect to each "qualifying child". Sec. 24(a). The plain language of section 24 establishes a three-pronged test to determine whether a taxpayer has a qualifying child. If one of the qualifications is not met, the claimed child tax credit must

be disallowed.  The first element of the three-pronged test requires that a taxpayer must have been allowed a deduction for that child under section 151.  Sec. 24(c)(1)(A).

As stated supra, the Court has sustained respondent's determination that petitioner is not entitled to a dependency exemption deduction for ZJ, JO, or AR.  Thus, petitioner fails the first prong of the test of section 24.  The Court sustains respondent's determination regarding the child tax credits under section 24.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.